FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 24 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TAMMY FRYE                                                              PLAINTIFF

VS.                           NO. 3:17-cv-00031 DPm /JTK

METROPOLITAN LIFE INSURANCE
COMPANY and
AMERICAN GREETINGS CORPORATION                                          DEFENDANTS

**COMPLAINT**

This case assigned to District Judge MARSHALL
and to Magistrate Judge KEARNEY

Plaintiff, Tammy Frye, by and through her undersigned attorneys, Lacy Law Firm and Jeff Scriber, P.A., and for her Complaint against Defendants, Metropolitan Life Insurance Company and American Greetings Corporation, states:

**JURISDICTION AND VENUE**

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorneys' fees as provided by ERISA.

2. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is

found in this district.

## PARTIES

4. Plaintiff Tammy Frye is an individual residing in Greene County, Arkansas.

5. Defendant Metropolitan Life Insurance Company ("MetLife") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant MetLife served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, MetLife made the determination to approve or disapprove disability claims made by participants of the Plan. MetLife ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). MetLife's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72201.

6. Defendant American Greetings Corporation ("American Greetings") is foreign corporation with its principal place of business in a state other than Arkansas. American Greetings is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). American Greetings is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). American Greetings is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). American Greetings' registered agent for service of legal process is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.

## COUNT I: CLAIM FOR LIFE INSURANCE AND ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS UNDER THE PLAN

7. Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9. Plaintiff, an associate at American Greetings, is a participant in American Greeting's employee welfare benefit plan which provides optional life insurance and accidental death and dismemberment ("AD&D") coverage for spouses and dependents. In addition to the elective dependent life insurance benefit of $10,000.00, Plaintiff elected the dependent AD&D coverage of 20% of her own AD&D coverage (for which she had elected a coverage amount of four times her salary) for her dependents.

10. Upon her enrollment in this Plan, which has an effective date of January 1, 2014, Tammy Frye provided all information requested by the Plan Administrator and her employer for purposes of insuring herself, her spouse, and her dependents under the Plan.

11. American Greetings withheld premiums from Plaintiff's paycheck based upon her election of coverage for life insurance and AD&D insurance for her dependents. These premiums were withheld from the date of her enrollment until her claim for benefits as described herein was denied.

12. The Plan specifically defines a "child" for purposes of determining dependent coverage as the associate's natural child who is "under age 23 who is a full-time student at an accredited school, college, or university that is licensed in the jurisdiction where it is located,

3

unmarried, supported by the associate, and not employed on a full-time basis."

13. The Plan further states that insurance for the dependents ends on the date the insurance for dependents under the group policy ends or the end of the period for which the last premium has been paid for the dependent.

14. The Plan further obligates the associate, in this case Tammy Frye, to notify the insurer if she wishes to cancel any of the coverage under the Plan. The Plan does not obligate Tammy Frye to notify the insurer of any dependents reaching the age of 23. In fact, the insurer and American Greetings were well aware of the dates of birth of the dependents insured under Ms. Frye's policy, given that this information was included in her application for this coverage.

15. Ms. Frye elected the dependent coverage for life insurance and AD&D benefits for her son, Brent Gynard, who was born on March 17, 1991.

16. On October 26, 2015, Mr. Gynard died as a result of a motor vehicle collision.

17. Ms. Frye made a claim under the life insurance and AD&D plans with MetLife, but was advised that the claim was being denied due to Mr. Gynard having turned 23 prior to his death. In its denial letter, MetLife claims that it was Ms. Frye's responsibility to provide notice to the Defendants concerning her son's birthday and to purchase conversion coverage under a different plan if she wished to continue to have life insurance and AD&D coverage for her son.

18. Nothing in the Plan documents required Ms. Frye to provide any notice of her son having a 23rd birthday to the Plan. The only notice requirement placed upon the associate is if Ms. Frye wishes to cancel any insurance. In this instance, she did not wish to cancel any insurance, so no notice was provided to MetLife.

19. Nevertheless, upon Mr. Gynard reaching the age of 23, the Defendants continued to withhold premium payments from Ms. Frye's paycheck despite their knowledge that he had already reached the age of 23. At the time of his death, Mr. Gynard was over 19 months past his 23rd birthday, and Defendants had continued to withhold premium payments for Mr. Gynard's coverage during that entire time. Given the language in the Plan that coverage ends only after the last policy period for which a premium payment is accepted, Plaintiff's coverage for dependent life and AD&D insurance was effective as of the date of this claim.

20. After denying Ms. Frye's claim, the Defendants attempted to refund the premium amounts which they had previously withheld for this coverage. Given that Ms. Frye is still employed at American Greetings, they refunded this money by including it in her paycheck which was direct deposited into her bank account. Thus, Plaintiff did not have any choice whether to accept or reject the refund.

21. Ms. Frye timely appealed the denial of her claim, and the claim was again denied on appeal. This lawsuit follows.

22. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

23. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

## COUNT TWO: ATTORNEYS' FEES

24. Paragraphs 1-23 are re-alleged and incorporated by reference as if fully set forth herein.

25. Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1) Award Plaintiff all life insurance and AD&D benefits to which she is entitled and interest as it has accrued since date of original entitlement;

(2) Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3) Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy, #2003098
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-277-1144

-and-

Jeffery O. Scriber, #2006526
**JEFF SCRIBER, P.A.**
324 S. Main Street
Jonesboro, AR 72401
870-336-0155

Brandon W. Lacy #03098