IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TAMMY FRYE                                                        PLAINTIFF

v.                          No. 3:17-cv-31-DPM

METROPOLITAN LIFE INSURANCE
COMPANY and AMERICAN
GREETINGS CORPORATION                                             DEFENDANTS

ORDER

This life insurance dispute is well briefed, but the Court would benefit from a supplemental administrative record on a few points. Frye's motion for limited discovery, № 31, is partly denied and partly granted as modified.

The Court directs Metlife and American Greetings to search their records, compile all available materials on the listed areas, and propose a supplement to Frye by 31 January 2018. The parties must collaborate toward an agreed supplement and file it by 28 February 2018. Simultaneous supplemental briefs due by 16 March 2018. Any motion to amend should be filed by the same date.

Here are the additional materials:

1. Any records confirming Frye's enrollment for optional dependent life and AD&D coverage for 2013 and 2014;

2. Policies and procedures for processing applications and enrollment for optional dependent life and AD&D coverage;

3. Policies and procedures for converting optional dependent life insurance and AD&D when a child turns twenty three; and

4. Policies and procedures for receiving and processing claims for optional dependent life insurance and AD&D.

Metlife and American Greetings have agreed to supplement on 4. All the listed policies and procedures go to whether discretion was abused. *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 999–1000 (8th Cir. 2005). The prior-years information goes to the facts here: Metlife's denial letters say this was a no-conversion situation when Frye's son aged out of coverage; Metlife and American Greetings make a related point about how the 2015 enrollment form was generated. The 2014 paystubs and plan at AR 36 are, as Metlife and American Greetings say, helpful here. But the enrollment documents from 2013 and 2014 will make the administrative record clear on these relevant background facts. *Waldoch v. Medtronic, Inc.*, 757 F.3d 822, 829–30 (8th Cir. 2014).

With one exception, the Court declines to allow discovery on similarly situated employees, on similar claim denials, or on all of

Frye's plan history. These matters are too far afield from the current dispute. The exception: if Metlife or American Greetings has done a study or investigation like the one described in *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 723 (8th Cir. 2014), then it must be produced and added to the record.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 December 2017